IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX MELVIN WADE, JR. § <br> d/b/a AMERICAN CONSULTANT, § <br> LEGAL LITIGANTS, PARALEGALS, § <br> PROFESSIONAL ADJUSTERS & § <br> FINANCIAL BROKERS, § <br> TDCJ NO. 1624189, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DAVID BRADLEY, et al., § <br> § <br> Defendants. § | CIVIL ACTION NO. H-13-0765 |

**MEMORANDUM OPINION AND ORDER**

Alex Melvin Wade, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), has filed a Petition for Writ of Mandamus/Civil Complaint & Temporary Restraining Order/Preliminary Injunction ("Complaint") (Docket Entry No. 1) against David Bradley, Clerk of the United States District Court for the Southern District of Texas and Deputy Clerk Terri Hanniable for allegedly denying him access to the courts. Bradley and Hanniable have filed a Motion to Dismiss for failure to state a claim upon which relief can be granted (Docket Entry No. 5). They also move to dismiss this action because Wade has not paid the filing fee and is not eligible to proceed as a pauper under the three strikes provision of the Prison Litigation Reform Act ("PLRA"). The court has reviewed the pleadings, along with

Wade's criminal and civil litigation history, and has concluded that this action should be dismissed because it is frivolous and because Wade is barred from filing any civil complaints while he is incarcerated without paying the entire filing fee in advance.

## I.  Claims and Background

### A.  Wade's Allegations

Wade, who purports to run a business called American Consultant, Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers ("American Consultants"), alleges that in another case, Wade v. Best Buy, Civil Action No. H-11-4131 (S.D. Tex. 2012), Bradley, Hanniable, and other unnamed district clerk employees mishandled funds he presented for payment of filing fees. He alleges that, on November 9, 2011, he submitted an instrument labeled "Claim Check/Voucher/Invoice" in the amount of $1,150.00 payable to the Clerk from Western World Insurance Group in payment for three civil actions plus a $100.00 payment for an appeal (Docket Entry No. 1, p. 2 and Exhibit A).[1] Wade complains that the defendants failed to give him notice as to whether the item had been honored and that he could have taken other measures had he been notified of its non-acceptance.

Wade further alleges that he submitted the $455.00 appellate filing fee for Cause No. H-11-4131 on December 12, 2012. Id. at 3.

---

[1] Exhibit A, attached to Wade's Complaint, is a crude typewritten instrument purported to be a check, Docket Entry No. 1-1, p. 3 of 4). It appears to be a fabrication.

However, Wade alleges that the check was not honored, nor did he receive notice that it was not accepted. Wade contends that he was denied meaningful access to the courts as a result of the defendants' actions.

Wade seeks an injunction prohibiting the District Clerk from impeding his access to the courts. He also requests that he be credited with paying the filing fees in the various actions he has prosecuted. Finally, Wade requests that the court award him damages in the amount of $885,000.

### B. Wade's Criminal and Civil Litigation History

Wade is currently serving a 20-year sentence in TDCJ for a forgery conviction. See TDCJ Offender Information Printout (Docket Entry No. 5-1, p. 1). His parole was revoked because he was found guilty of a new offense, attempted theft of more than $100,000 but less than $200,000, and was sentenced to 45 years in prison. Id. Wade has a long history of convictions for forgery and theft with nearly two dozen judgments against him in Harris County. See Harris County Criminal Search Results (Docket Entry No. 5-2).

Wade's most recent conviction for attempted theft involved a scheme to obtain goods from the Best Buy appliance store using a payment instrument drawn on Western World Insurance Group. See Indictment (Docket Entry No. 5-3). The payment instrument allegedly submitted to the District Court for the payment of the filing fees in H-11-4131 is also drawn on Western World Insurance Group (Docket Entry No. 1, p. 2, and Exhibit A).

Wade has previously filed eighteen complaints and petitions in the Southern District of Texas.[2] Some of these suits involved the use of drafts or checks generated by Wade that were rejected by businesses or financial institutions. See, e.g., Wade d/b/a American Consultant v. Bank of America, H-09-3198. All of Wade's suits were unsuccessful, although extensive resources were expended by the defendants and the courts to resolve the actions. Other actions were more quickly dismissed because the pleadings were clearly groundless or time-barred.

While he was incarcerated Wade filed his complaint against Best Buy, and the suit was dismissed as time-barred. Wade v. Best Buy, H-11-4131. While the court in Best Buy dismissed the suit as

---

[2] Wade v. Harris County District Attorney's Office, H-11-4132 (dismissed for failure to comply); Wade v. Best Buy, H-11-4131 (dismissed as meritless); Wade v. Thaler, H-11-3514 (habeas petition dismissed as procedurally and time-barred); Wade v. Dominion at Woodland, H-11-3243 (dismissed denying motion to proceed ifp); Wade v. Thaler, H-10-5100 (habeas petition dismissed for failure to exhaust remedies); American Consultants v. Capital One, H-10-2454 (dismissed on summary judgment, claims found to be frivolous); Wade d/b/a American Consultant v. Bank of America, H-09-3198 (dismissed on summary judgment); Wade v. Thaler, H-09-1900 (habeas petition dismissed on summary judgment); Wade v. Quarterman, H-06-4030 (habeas petition dismissed as successive and time-barred); Wade v. Cockrell, H-02-2828 (habeas petition dismissed as time barred); Wade v. Thomas, H-01-2087 (dismissed as frivolous); Wade v. Johnson, H-00-2501 (habeas petition denied for failure to exhaust); Wade v. Texas Department of Criminal Justice, M-00-0023 (dismissed voluntarily); Wade v. Texas Department of Criminal Justice, C-00-0014; Wade v. Rowe, H-99-1860 (dismissed as frivolous); Wade v. Johnson, H-97-3733 (habeas dismissed for failure to exhaust remedies); Wade v. Farmer's Insurance, H-96-3409 (diversity insurance contract dismissed for want of prosecution); Wade v. Medical Care System, H-92-02107 (civil rights claim dismissed for lack of jurisdiction).

untimely, the court also denied Wade's motion for leave to amend his pleadings because the proposed amendment would be futile since counsel for Western World Insurance Group stated under oath that the "Insurance Draft" Wade had submitted to Best Buy was not authorized (Docket Entry No. 5-5, p. 7). Wade also filed a suit against Capital One that the court dismissed as frivolous. Wade v. Capital One, N.A., H-10-2454. In both cases the courts found that the payment instruments presented by Wade to the defendants were "counterfeit" and "fraudulent." Id.; Docket Entry No. 5-4, p. 3.

Wade also filed suit against TDCJ officials alleging that he had been denied due process and access to the courts. Wade v. Thomas, Civil Action No. H-01-2087 (S.D. Tex. 2002) (Docket Entry No. 5-7). He also alleged deliberate indifference, retaliation, and violations of the Americans with Disabilities Act. Id. In dismissing the complaint as frivolous, the court observed that Wade untruthfully asserted that in Bounds v. Smith the Supreme Court "specifically ordered that every prison have typewriters and copy machines for [the] use of offenders." Id. at 13. The district court held that such a statement "requires no discussion." Id. It is beyond dispute that prison inmates do not have a free-standing, federally protected right to use office equipment to carry out their litigation. See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); see also In re Maxy, 674 F.3d 658, 661 (7th Cir. 2012); Taylor v. Coughlin, 29 F.3d 39, 40 (2d Cir. 1994) (acknowledging

that there is "no constitutional right to a typewriter as an incident to the right of access to the courts"); Stubblefield v. Henderson, 475 F.2d 26, 26-27 (5th Cir. 1973) ("no federally protected right to the use of typewriters").[3]

## II. Analysis

### A. Standards

The defendants contend that this action should be dismissed because Wade has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and should be granted only if it is evident that the plaintiff cannot prove any facts entitling him to relief. Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011), citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007); Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). In determining whether the plaintiff has stated a claim upon which relief can be granted, a reviewing court must accept the well-pleaded facts alleged in the complaint as true and construe the allegations in the light most favorable to the plaintiff. Turner, 663 F.3d at 775. In reviewing the pleadings, the court liberally construes the allegations of a pro se

---

[3]Wade filed another access to courts claim that was dismissed as frivolous. Wade v. Rowe, Civil Action No. H-99-1860 (S.D. Tex. 2000). He also filed a prisoner civil rights action in the Eastern District of Texas that was dismissed as frivolous. Wade v. Director, TDCJ-CID, Civil Action No. 1:11cv00608 (E.D. Tex. 2012).

complaint. Haines v. Kerner, 92 S. Ct. 594 (1972). The court may also take notice of matters of public record. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011), citing Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("It is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Because Wade is incarcerated pursuant to state felony convictions, he is subject to the provisions of the PLRA. This action may therefore be dismissed if the court finds the claims are frivolous pursuant to the provisions of 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A. See Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009). In making such a determination, the court applies the same standard used on rulings under Fed. R. Civ. P. 12(b)(6). Id. A prisoner's complaint must be dismissed if "'it appears that no relief could be granted based on the plaintiff's alleged facts.'" Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

## B. Wade's Claims are Frivolous

Wade's complaint concerns his right of access to the courts. A prison inmate's right of access to the courts is protected by the Constitution and includes the right to challenge the validity or conditions of his confinement. See Bounds v. Smith, 97 S. Ct. 1491, 1498 (1977). However, the right is limited to the filing of nonfrivolous legal claims. Johnson v. Rodriquez, 110 F.3d 299, 310-11 (5th Cir. 1997), citing Lewis v. Casey, 116 S. Ct. 2174,

2182 (1996). This right is not intended to provide an inmate the ability to take advantage of the judicial system or carry out fraudulent financial schemes. See Lewis, at 2182 ("In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.").

By itself, Wade's prolific record of filing actions in the Southern District of Texas belies his claim that he has been denied access to the courts. See Beck, 842 F.2d at 762. His litigation history regarding his use of forged commercial instruments as well as other claims is replete with false allegations. The record reflects that Wade has attempted to commit a fraud on the court by attempting to pay the court's filing fees with a counterfeit instrument. Wade cannot assert a viable civil rights violation because he has failed to show that he has been prevented from pursuing an arguable claim in court. Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Wade's complaint that he has been denied access to the courts will be dismissed as frivolous because it has no basis in law. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; Samford, 562 F.3d at 674.

### C. Defendants are Entitled to Immunity

As court officials, the defendants are entitled to absolute immunity to any claims for damages arising out of actions taken pursuant to a judge's orders while enjoying qualified immunity for

performing routine duties not explicitly ordered. Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001), citing Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981); see also Tubwell v. Almond, 42 F.3d 641 (5th Cir. 1994) (table).

The defendants are government employees charged with managing court business and are entitled by qualified immunity to protect them from having to respond to frivolous suits such as this one. See Morgan v. Swanson, 659 F.3d 359, 370-371 (5th Cir. 2011). Qualified immunity also protects them from needless discovery such as the "Motion for an Order Compelling Discovery" filed by Wade (Docket Entry No. 17), which serves no purpose other than to harass the defendants. Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986). To overcome the affirmative defense of qualified immunity a plaintiff must show that the government official violated clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982). Wade has failed to allege that the defendants have violated any clearly established law by refusing to accept his counterfeit check for payment of his fees. On the contrary, defendants were upholding their statutory duties to collect and account for required fees by refusing to accept for payment instruments that had no negotiable value. See 28 U.S.C. § 751(e); 28 U.S.C. § 1914. Therefore, defendants are entitled to dismissal of this suit under qualified immunity. Wade's motion for discovery (Docket Entry No. 17) will also be denied.

### D. Wade is Barred from Proceeding IFP

Wade did not pay the filing fee when he filed his complaint. Barring a show of imminent danger, a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals that was dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Wade has accumulated at least three such dismissals or "strikes,"[4] and his pleadings do not indicate that he is in any physical danger. See Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Moreover, Wade would not be in physical danger as a result of the alleged action of defendants. See Vandiver v. Prison Health Services, Inc., 727 F.3d 580, 585 (6th Cir. 2013). Therefore, Wade's Complaint is subject to dismissal as barred by the three strikes provision of § 1915(g).

### III. Motion to Amend Complaint

Wade has filed a Second Motion to File an Amended Complaint (Docket Entry No. 16) in which he seeks to assert a claim against a clerk's office employee for allegedly misfiling a pleading in Wade v. Thaler, H-11-3514. He contends that the pleading in

---

[4]Wade v. Capital One, N.A., H-10-2454; Wade v. Thomas, Civil Action No. H-01-2087; Wade v. Rowe, Civil Action No. H-99-1860; Wade v. Director, TDCJ-CID, Civil Action No. 1:11cv00608.

H-11-3514 (Docket Entry No. 16) was a motion for summary judgment but was instead filed as a personal declaration. He further contends that officials destroyed evidence that demonstrated his innocence and would have influenced the district judge who dismissed his habeas petition. Wade's motion was filed after the defendants filed their motion to dismiss.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." However, leave to amend "is by no means automatic." Little v. Liquid Air Corp., 952 F.2d 841, 845-46 (5th Cir. 1992). The court examined the pleading in question and verified that it was clearly labeled "DECLARATION OF ALEX MELVIN WADE, JR." (H-11-3514, Docket Entry No. 16). In addition, the federal habeas petition filed in that action was dismissed for procedural reasons. Moreover, actual innocence claims cannot be brought in habeas proceedings as an independent ground for habeas relief. Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual-innocence is not an independently cognizable federal-habeas claim."). Therefore, Wade's motion to amend his pleadings will be denied because it is futile. Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013); Parish v. Frazier, 195 F.3d 761, 763-764 (5th Cir. 1999).

Wade has also filed a "Motion to Vacate Judgment Dismissing Plaintiff's [sic] and Memorandum in Support" (Docket Entry No. 4). The motion will be denied as moot.

## IV. Sanctions

Wade's litigation history demonstrates a marked lack of regard for the judicial system. Wade has repeatedly wasted the scarce resources of the courts. Sanctions are therefore appropriate to deter him from filing additional frivolous lawsuits. See In re McDonald, 109 S. Ct. 993, 996 (1989); Mayfield v. Klevenhagen, 941 F.2d 346, 348 (5th Cir. 1991); Day v. Allstate Ins. Co., 788 F.2d 1110, 1114 (5th Cir. 1986). The court has determined that a monetary sanction should be imposed to deter Wade from continuing his abuse of the judicial system. See Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988) ("We do not sit as means by which the system can be punished - or to be punished ourselves - by the pursuit of frivolous or malicious appeals by disgruntled state prisoners."). Therefore, the TDCJ-CID Inmate Trust Fund will be instructed to withdraw Three Hundred Dollars ($300.00) from Wade's Inmate Trust Account and to forward the funds to the Clerk of the Court to satisfy the sanction. Wade may not withdraw any funds from the account except pursuant to court order and may not file any new suits until the sanction has been paid. Vinson v. Texas Board of Corrections, 901 F.2d 474 (5th Cir. 1990); Gelabert v. Lynaugh, 894 F.2d 746 (5th Cir. 1990).

## V. Conclusion

The court **ORDERS** the following:

1. Defendants' Motion to Dismiss (Docket Entry No. 5) is **GRANTED**.

2. This prisoner Complaint (Docket Entry No. 1), filed by Inmate Alex Melvin Wade, TDCJ No. 1624189, is **DISMISSED** because it is frivolous and because Wade is barred from filing prisoner complaints without paying the filing fee in advance. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915(g).

3. Wade's motions (Docket Entry Nos. 4, 16, and 17) are **DENIED**.

4. Wade is **ORDERED** to pay a $300.00 **SANCTION** for his continuing practice of filing frivolous and vexatious suits.

5. Wade is **BARRED** from filing any civil rights actions in this district until the sanction is paid in full. <u>The Clerk is instructed that all future actions filed by Wade be returned to him and not be docketed unless accompanied by proof that the sanction has been paid in full or by a notarized statement from a physician that Wade is in imminent physical danger because of the matters alleged in the proposed action.</u>

6. The TDCJ Inmate Trust Fund is **ORDERED** to place a hold on the inmate trust account of Alex Melvin Wade, Jr. (TDCJ No. 1624189) and withdraw funds from Wade's account and forward them to the Clerk of this court on a regular basis until the entire sanction ($300.00) has been paid.

7. The Clerk is directed to provide a copy of this Memorandum Opinion and Order dismissing this action to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the <u>Pro Se</u> Clerk, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702; and the TDCJ Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060.

**SIGNED** at Houston, Texas, on this 29th day of January, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE